# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| PATRICK D. HILL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-01737 |
| CREDIT CONTROL, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Patrick D. Hill ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Credit Control, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Plaintiff resides in the Northern District of Texas, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

5.   Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant's website promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients." Defendant's website admits that: "This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042. Defendant's primary business purpose is to regularly collect defaulted debts owed to others. [1]

### FACTS SUPPORTING CAUSES OF ACTION

7.   In early 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (214) XXX-0876, in an attempt to collect on an alleged subject debt.

8.   Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 0876.

9.   Upon answering Defendant's call, Plaintiff was informed that Defendant was attempting to collect on a Best Buy credit card in the amount of $811.00 and a Macy's credit card in the amount of $975.21 (collectively, "subject debt").

10. Defendant allegedly acquired the rights to collect on the subject debt after it was allegedly in default.

---

[1] https://www.credit-control.com/about-us/who-we-are/  (last visited: June 29, 2020).

11. Shortly after Defendant began calling Plaintiff's cellular phone, Plaintiff demanded Defendant cease calling his cellular phone number.

12. Additionally, on the phone calls Plaintiff answered, Plaintiff informed Defendant that he was a victim of identity theft and the subject debt did not belong to him.

13. Plaintiff's demands that Defendant's phone calls cease and the subject debt did not belong to him fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number without his consent. Defendant also began sending Plaintiff unsolicited dunning letters attempting to collect the subject debt.

14. On occasion, Plaintiff would also return missed calls placed by Defendant to his cellular phone and ask a representative of Defendant to give him a reason why Defendant continues to call Plaintiff after he requested the calls cease and that he was a victim of identity theft. Despite Plaintiff's requests, Defendant continued to place unsolicited collection calls to Plaintiff's cellular phone.

15. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from early 2019 through the present day without his consent.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts owed to others.

20. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (888) 401-9030, (888) 401-9025, and (800) 288-1524.

21.  Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

**DAMAGES**

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged subject debt after it was in default. 15 U.S.C. §1692a(6).

30. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant used the phone and mail to attempt to collect the alleged subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

**a. Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called and sent letters to Plaintiff after being notified to cease communications. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls and letters with the specific goal of oppressing and abusing

Plaintiff into making a payment on the alleged subject debt despite having actual knowledge that Plaintiff was a victim of identity theft.

35. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

36. Defendant was notified by Plaintiff that its calls were not welcomed and that he was a victim of identity theft. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b.  Violations of FDCPA § 1692d

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly sending dunning letters and calling Plaintiff's cellular phone seeking immediate payment on the alleged subject debt. Moreover, Defendant continued sending dunning letters and placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these aforementioned calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from early 2019 through the present day, using an ATDS without his consent.

### c.  Violation of FDCPA § 1692e

39. Defendant violated §1692e, e(2), and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the alleged subject debt from Plaintiff. Even after being

apprised of its unlawful acts, Defendant continued its harassing behavior by sending Plaintiff unsolicited dunning letters and calling Plaintiff repeatedly in a deceptive and misleading attempt to force him to answer its calls and ultimately make a payment, despite notifying Defendant that he was a victim of identity theft and that its communications were not welcome. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue to contact him in an attempt to dragoon payment on the alleged subject debt, when it never had prior consent to do so in the first place.

### d.  Violations of FDCPA § 1692f

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the alleged subject debt by continuously sending Plaintiff unsolicited dunning letters and calling Plaintiff after Plaintiff requested that he was a victim of identity theft and to cease communications. By placing voluminous phone calls after becoming privy to the fact that its dunning letters and collection calls were not welcome is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

42. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

43. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, PATRICK D. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Enjoining Defendant from further communicating with Plaintiff;

    d.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

48. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

49. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

50. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly and sequentially auto-dial Plaintiff's cellular phone number without his consent.

51. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly and sequentially dial the number dozens of times thereafter.

52. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

53. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from early 2019 through the present day, using an ATDS without his prior consent.

54. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

55. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

57. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

58. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

59. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

60. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, PATRICK D. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further communicating with Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

63. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

64. The alleged subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of  TDCA § 391.302

65. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

66. Defendant violated the TDCA when it sent dunning letters and called Plaintiff repeatedly despite his multiple requests that Defendant's communications cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

67. Defendant violated the TDCA by engaging in abusive, harassing, and oppressive conduct by relentlessly sending dunning letters and calling Plaintiff's cellular phone seeking immediate payment on the alleged subject debt. Moreover, Defendant continued sending dunning letters and placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

68. Upon information and belief, Defendant systematically attempts to collect alleged debts from Texas citizens through harassing and abusive conduct and has no procedures in place to assure compliance with the TDCA.

69. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, PATRICK D. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 30, 2020                                      Respectfully Submitted,

                                                         /s/ Marwan R. Daher
                                                         /s/ Omar T. Sulaiman
                                                         /s/ Alexander J. Taylor
                                                         Marwan R. Daher, Esq.
                                                         Omar T. Sulaiman, Esq.
                                                         Alexander J. Taylor, Esq.
                                                         *Counsel for Plaintiff*
                                                         Sulaiman Law Group, Ltd
                                                         2500 S Highland Ave, Suite 200
                                                         Lombard, IL 60148
                                                         Telephone: (630) 575-8181
                                                         mdaher@sulaimanlaw.com
                                                         osulaiman@sulaimanlaw.com
                                                         ataylor@sulaimanlaw.com